UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHM REGATTA POINTE, LLC

        Plaintiff,

v.                                                    Case No. 8:21-cv-1854-KKM-AEP
                                                         IN ADMIRALTY

M/Y *ALLEY CAT*, a 2007 Model 39-foot
Meridian Yachts Cruiser bearing Hull
Identification Number MDNH6008F607,
and U.S. Coast Official Number 1202587,
her engines, tackle, furniture, tender and
appurtenances, *in rem*, and RICHARD
BRADLEY BIERMAN a/k/a
BRAD BIERMAN a/k/a RICHARD B.
BIERMAN, *in personam*,

        Defendants.
_____/

## ORDER

      This cause comes before the Court upon Plaintiff's Motion on Entitlement to

Attorney's Fees ("Motion") (Doc. 38). No response was filed in opposition and the

time to do so has now passed. Therefore, Plaintiff's Motion is ripe for disposition.

For the reasons discussed below, Plaintiff's Motion is granted.

### I.     Background

      Plaintiff, SHM Regatta Pointe, LLC, is a company engaged in providing boat

slips, dockage, and vessel storage and filed this matter against the *in rem* Defendant,

M/Y *Alley Cat* , a 2007 Model 39-foot Median Yackts Cruiser, Hull Identification

number MDNH6008F607 and U.S. Coast Official Number 1202587 (the "Vessel"), and *in personam* Defendant, Richard Bradley Bierman a/k/a Brad Bierman a/k/a Richard B. Bierman (the "Owner") (collectively "Defendants"). On June 18, 2020, the Owner entered into a Slip License Agreement (the "Slip Agreement") with Plaintiff that, among other things, governs the rate for docking the Vessel at Plaintiff's marina in Palmetto, Florida (Doc. 1-1). From March 2021 to August 18, 2021, however, the Vessel was docked at Plaintiff's marina without the Owner providing any payment to Plaintiff (Doc. 29-1).

On August 2, 2021, Plaintiff filed a Verified Complaint seeking to foreclose a maritime lien for necessaries on the Vessel pursuant to 46 U.S.C. § 31301, *et. seq,* (Count 1), and a breach of maritime contract and a maritime lien against the Owner (Court 2) (Doc. 1). Plaintiff moved for issuance of a warrant of arrest *in rem* under Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and a writ of maritime attachment and garnishment (Docs. 13 & 14). On August 9, 2021, the Court issued an Order directing the issuance of a warrant of arrest related to the Vessel (Doc. 15) and on August 11, 2021, the Court issued an Order appointing Plaintiff as substitute custodian (Doc. 19). The Clerk of the Court then issued the Warrant of Arrest for the Vessel (Doc. 17). On August 19, 2021, the U.S. Marshals Service arrested the Vessel and placed Plaintiff in exclusive possession of the Vessel as its ordered substitute custodian (Doc. 22).

On September 3, 2021, the Notice of Action *in rem* was published as required by the Supplemental Admiralty Rules and Section 3(c) and (g) of the Admiralty and

Maritime Practice Manual of the Middle District of Florida (Doc. 23-1). Additionally, Plaintiff made four attempts to serve the Owner (Doc. 24). Moreover, Plaintiff's counsel sent the Owner a letter with the Verified Complaint, Summons, and Warrant of Arrest via email and certified mail to the address and email provided by the Owner in the Slip Agreement (Doc. 25-1). The Owner failed to respond to the Complaint and the Clerk entered default against the Vessel and the Owner on October 27, 2021 (Docs. 27 & 28).

Plaintiff then moved for final default judgment (Doc. 29). The motion was referred to the undersigned, who then issued a Report and Recommendation recommending that default judgement be entered against Defendants (Doc. 30). The District Judge adopted the Report and Recommendation and directed the Clerk to enter default judgment against Defendants in the amount of $4,648.08, *custodia legis* expenses in the amount of $10,772.76, plus pre-judgment interest and *custodia legis* expenses for the Vessel from November 5, 2021 to the date when the Court confirms the sale of the Vessel (Doc. 31, at 2). The Court also directed the U.S. Marshal to conduct the sale of the Vessel in accordance with Rule E(9) of the Supplemental Admiralty Rules and the Local Admiralty and Maritime Practice Manual 5(r) (Doc. 31, at 2). The U.S. Marshal conducted the public sale of the Vessel on June 23, 2022 and the Vessel was sold to the highest bidder for $115,000 (Doc. 33). The Clerk issued the Confirmation of Sale on July 21, 2022 (Doc. 37).[1]

---

[1] The confirmation of sale was delayed because the buyer had to secure financing to close on the purchase (*see* Doc. 39-1).

Plaintiff now moves for entitlement to recover reasonable attorney's fees under the Slip Agreement. Plaintiff's counsel estimates the attorney's fees will be in the range of $13,500.00 to $15,000.00.

## II.    Discussion

Generally, the prevailing party in an admiralty case is not entitled to recover attorneys' fees as a matter of course. *Natco Ltd. P'ship v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1193 (11th Cir. 2001) (citing *Noritake Co. v. M/V Hellenic Champion*, 627 F.2d 724, 730 (5th Cir. 1980). "Attorneys' fees generally are not recoverable in admiralty unless (1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees." *Id.* (citation omitted).

In the instant case, the undersigned finds that attorney's fees are appropriate based on the contractual provision in the Slip Agreement entered into by the parties. The Slip Agreement provides:

> If either Party defaults under this Agreement the other Party shall be entitled to recover all costs incurred, including attorneys' fees in enforcing or protecting its rights. This Agreement shall be governed by the laws of the State where the Marina is located. Any action brought related to this Agreement shall be brought in the county in which the Marina is located or the Federal District in which the Marina is located.

(Doc. 1-1, at 8). Plaintiff's claims in this action arise out of a contractual obligation based on services rendered pursuant to the Slip Agreement (*see* Doc. 1). Because default judgement was entered against Defendants and the Slip Agreement provides

for the recovery of attorney's fees upon default, Plaintiff is entitled to recover its reasonable attorney's fees.

Plaintiff shall file a supplemental motion on the amount of the award requested pursuant to Local Rule 7.01(c), in addition to any authority supporting its argument for the disbursement of the award of attorney's fees from the sale proceeds of the Vessel.

Accordingly, it is hereby

ORDERED:

1.     Plaintiff's Motion on Entitlement to Attorney's Fees (Doc. 38) is GRANTED.

DONE AND ORDERED in Tampa, Florida, on this 24th day of August, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge